Received & Filed - Superior Court
LEWIS COUNTY, WASH

OCT 2 1 2021

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF LEWIS

| | |
|---|---|
| ERIN MCPEAK<br><br>Plaintiff,<br><br>vs.<br><br>COREY BUTCHER IN HIS INDIVIDAL CAPACITY AND IN HIS OFFICAL CAPACITY;;<br><br>KEVIN ENGELBERTSON IN HIS INDIVIDUAL AND OFFICIAL CAPACITY ;<br><br>LEWIS COUNTY SHERIFF'S DEPARTMENT;<br><br>SHERIFF ROBERT SNAZA IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;<br><br>CENTRALIA POLICE DEPARTMENT;<br><br>CHIEF STACY DENHAM IN HIS INDIVIDUAL AND OFFICAL CAPACITY<br><br>Defendants. | NO. 21  2  0057921<br><br>COMPLAINT FOR DAMAGES<br><br>Complaint for Punitive Damages<br><br>Complaint for Declaratory Relief<br><br>Complaint is NOT subject<br>To Arbitration |

COMES NOW the Plaintiff herein, by and through their attorney Josephine C. Townsend, and for cause of action states as follows:

COMPLAINT — 1

JOSEPHINE C. TOWNSEND
ATTORNEY AT LAW
211 E. 11TH STREET SUITE 104
VANCOUVER WA 98660
360-694-7601
FACSIMILE 360-694-7601
JOSIE@JCTOWNSEND.COM

1

2

## PARTIES

3

4        1.      Plaintiff, Erin McPeak, was and at all times material hereto lives in Lewis

County, Washington.

5        2.      Defendants at all times material hereto, were and are now residents of the

County of Lewis, State of Washington.

6

7        3.      Defendant Corey Butcher was  at all times material hereto was and is now a

resident of the County of Lewis County, State of Washington.  He is being sued in his

8   individual capacity and in his official capacity as a police officer for the City of Centralia.

9        4.      Defendant Kevin Engelbertson is a detective for the Lewis County Sheriff's

Department. He is being sued  in his official and individual  capacity.

10       5.      Defendant Robert R. Snaza is the Sheriff for Lewis County. He is being sued

11  in his official and individual capacity.

12       6.      Defendant Stacy Denham is the Chief of Police for the City of Centralia and

is being sued in his official and individual capacity.

13       7.      The Lewis County Sheriff's Department is a municipal Corporation within

14  the State of Washington and the employer of Detective Kevin Engelbertson.

15       8.      The City of Centralia is a municipal Corporation within the State of

Washington and the employer of Corey Butcher;

16       9.      Each of the acts complained of were done for and on behalf of the

17  community as well as for and on behalf of the individuals.

18       10.     Acts hereinafter alleged occurred within the County of Lewis, State of

Washington, and this court has jurisdiction over this cause.

19

## FACTUAL ALLEGATIONS

20

21  COMPLAINT — 2

JOSEPHINE C. TOWNSEND
ATTORNEY AT LAW
211 E. 11TH STREET SUITE 104
VANCOUVER WA 98660
360-694-7601
FACSIMILE 360-694-7601
JOSIE@JCTOWNSEND.COM

11.     Upon information and belief, Lewis County oversees the training and supervision of Detective Kevin Engelbertson;

12.     Upon information and belief, the City of Centralia oversees the training and supervision of Sergeant Corey Butcher;

13.     Defendant Robert Snaza was and is a policy maker for the Lewis County Sheriff's Department and further supervised the activities and actions of Detective Kevin Engelbertson. Defendant Robert Snaza has decision making authority for the Lewis County Sheriff's Department and was responsible for implementation of policies, procedures, and protocols, as well as oversight of all employees under his command.

14.     Defendant Stacy Denham is the Chief of Police and policy maker for the City of Centralia Police Department and further supervised the activities and actions of Sergeant Corey Butcher;  Chief Denham has decision making authority for the Centralia Police Department and was responsible for implementation of policies procedures and protocols, as well as oversight of all employees under his command.

15.     Except for some of the actions of Corey Butcher, at all times herein relevant, the individual defendants were acting within the scope of their employment.

16.     Each and all of the acts of the individual defendants alleged herein were done by the individual defendants individually and/or under color of law, to wit, under the color and pretense of statutes, ordinances, regulations, customs, policies, and usages of the State of Washington, and the County of Lewis and/or City of Centralia.

17.     Defendants Stacy Denham and Robert Snaza failed to properly counsel, supervise and train their subordinates on the proper investigation of domestic violence cases involving their employees.

18.     Defendants Stacy Denham and the Centralia Police Department allowed an emotionally and mentally disturbed officer remain in patrol status, knowing that his employee Corey Butcher had abnormal and violent behaviors;

COMPLAINT — 3

JOSEPHINE C. TOWNSEND
ATTORNEY AT LAW
211 E. 11TH STREET SUITE 104
VANCOUVER WA 98660
360-694-7601
FACSIMILE 360-694-7601
JOSIE@JCTOWNSEND.COM

19.     As a direct and proximate result of the actions and inactions of the Defendants, as outlined above, Plaintiff has suffered sexual abuse, rape, bodily harm by being infected with HSV-2; assault, battery, domestic violence, physical abuse, emotional and mental distress, anguish and pain.

20.     Defendants are mandatory reporters in accordance with RCW 74.34.020(10)

## II. Jurisdiction and Venue

21.     Defendants are individuals and/or political subdivisions of the state of Washington. All of the unlawful acts and practices occurred in Lewis County, Washington. Subject matter jurisdiction, personal jurisdiction, and venue are properly before this Court.

22.     The acts and constitutional violations alleged herein were committed within Lewis County, Washington.

23.     This action arises under the United States Constitution, particularly under the provisions of the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, § 1983;

24.     This Court has jurisdiction of this case under and by virtue of Title 28 of the United States Code, §§1331, 1342(4) and 1343;

25.     Based upon the report made by Plaintiff to Detective Kevin Engelbertson, there was reasonable cause to believe she was a victim of sexual abuse, rape, bodily harm by being infected with HSV-2; assault, battery, domestic violence, physical abuse, emotional and mental distress, anguish and pain by Defendant Corey Butcher;

26.     Based upon the official report made by Plaintiff to Detective Kevin Engelbertson, there was a reasonable basis to conclude that Sergeant Corey Butcher had intentionally inflicted HSV-2, a sexually transmitted disease to Plaintiff, in violation of RCW 70.24. and RCW 9a.36.021.

27.     Plaintiff and Defendant Corey Butcher were in an intimate sexual relationship from January of 2019 until approximately October of 2020.

COMPLAINT — 4

JOSEPHINE C. TOWNSEND
ATTORNEY AT LAW
211 E. 11ᵀᴴ STREET SUITE 104
VANCOUVER WA 98660
360-694-7601
FACSIMILE 360-694-7601
JOSIE@JCTOWNSEND.COM

28.    Prior to her relationship with Defendant Corey Butcher, Plaintiff tested negative for the HSV-2 complex.

29.    Eleven months after initiating her intimate relationship with Defendant Corey Butcher, Plaintiff tested positive for HSV-2, a sexually transmitted disease

30.    After testing positive for HSV-2, Defendant Corey Butcher acknowledged that he had sores, bumps and itching on his genitals; further that he had a long history and was currently experiencing re-occurring sores, bumps and itching on his genitals. Defendant Corey Butcher was experiencing these symptoms  when he had sexual intercourse with Plaintiff which are all symptoms of HSV-2; Defendant Corey Butcher intentionally withheld this information from Plaintiff and recklessly and intentionally transmitted a sexually transmitted disease to Plaintiff.

31.    Plaintiff did not consent to having sexual relations with an infected HSV-2 individual;

32.    Plaintiff reported a violation of RCW 9a.36.021 in that Defendant Corey Butcher intentionally had sexual intercourse with Plaintiff and recklessly caused substantial bodily harm, emotional damage, as well as extreme pain and suffering by infecting her with HSV-2.

### III. CAUSES OF ACTION

33.    Plaintiff realleges the facts previously set forth in paragraphs set forth above.

34.    Defendants are liable to Plaintiff for the torts of rape, sexual abuse ,physical abuse,   battery, assault, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, outrage, and negligent supervision and care.

35.    Defendant Detective Kevin Engelbertson is guilty of a violation of RCW 74.34.020 for failing to report domestic abuse by Defendant Corey Butcher of Plaintiff.

COMPLAINT — 5

JOSEPHINE C. TOWNSEND
ATTORNEY AT LAW
211 E. 11TH STREET SUITE 104
VANCOUVER WA 98660
360-694-7601
FACSIMILE 360-694-7601
JOSIE@JCTOWNSEND.COM

36.     Further, Defendants Stacy Denham, Robert Snaza, the City of Centralia and Lewis County are liable to Plaintiffs for negligence in that they failed to investigate, train and supervise their employees; further they failed to take action against Sergeant Corey Butcher upon the official reporting of domestic violence, assault, rape, sexual abuse, physical abuse, battery, emotional and mental distress, and intentional transmission of a sexually transmitted disease.

37.     Plaintiff was injured as a result of the defendants' actions, negligence, and inaction.

38.     Defendants Stacy Denham, Robert Snaza, the City of Centralia, and Lewis County's negligence proximately caused S.D.M.'s injuries;

39.     Defendant Corey Butcher sexually abused, raped, physically abused, battered, infected Plaintiff with a sexually transmitted disease, caused severe emotional distress, and assaulted Plaintiff over a protracted period of time.

40. Defendant Corey Butcher's failure to disclose his HSV-2 infection rendered his sexual intercourse with Plaintiff, non consensual;

41.     Defendant Corey Butcher is guilty of assault in the second degree  and battery as non consensual sex is battery and intentionally acting and recklessly causing serious bodily injury is a class B felony;

42.     Defendant Corey Butcher act of intentionally not disclosing that he was infected with HSV-2, was a volitional action by him that resulted in serious bodily injury to Plaintiff;

43.     Defendant Corey Butcher knew with substantial certainty that his conduct would result in infecting Plaintiff.  Defendant intentionally had sexual intercourse with Plaintiff while he was active with his HSV-2 infection and confessed his condition only after Plaintiff contracted the disease.

COMPLAINT — 6

JOSEPHINE C. TOWNSEND
ATTORNEY AT LAW
211 E. 11TH STREET SUITE 104
VANCOUVER WA 98660
360-694-7601
FACSIMILE 360-694-7601
JOSIE@JCTOWNSEND.COM

44.      Plaintiff reported the assault and battery to Detective Kevin Engelbertson, and to Detective Tyler Boling of the Tumwater Police Department. Detective Engelbertson took no action to notify the Centralia Police Department of the crimes committed by Sergeant Corey Butcher.

45.      Chief Stacy Denham and the Centralia Police Department refused to investigate the report of transmission of a sexually transmitted disease and requested that the independent agency, Tumwater Police Department Detective Tyler Boling drop the sexual abuse, transmission of a sexually transmitted disease allegation from their administrative investigation, in direct violation of their own domestic violence investigation policy and procedures, Washington Law, and despite the fact that the Complainant, Erin McPeak, never dropped that portion of her complaint.

46.      Chief Stacy Denham and the Centralia Police Department conspired to hide, conceal and unlawfully hinder the independence of the investigation by Detective Tyler Boling through their actions to direct the scope of his investigation;

47.      The purported independent investigation by the Tumwater Police Department, and the insertion of Chief Stacy Denham's directives in how that investigation was to be conducted; was further evidence that Chief Stacy Denham and the Centralia Police Department intended to control the outcome of the investigation;

48.      Despite their being additional witnesses that could provide evidence against the Centralia Police Department and Sergeant Corey Butcher, Detective Tyler Boling was told not to interview them; instead he was directed to only interview outside witnesses who could assist the Centralia Police Department and Sergeant Corey Butcher;

49.      The tainting of the outside investigation by Chief Stacy Denham was negligent, reckless and contributed to the physical and emotional abuse of the Plaintiff;

50.      Defendants, each of them caused intentional and reckless infliction of emotional distress, pain and suffering to Plaintiff by their actions and inactions.

COMPLAINT — 7

JOSEPHINE C. TOWNSEND
ATTORNEY AT LAW
211 E. 11TH STREET SUITE 104
VANCOUVER WA 98660
360-694-7601
FACSIMILE 360-694-7601
JOSIE@JCTOWNSEND.COM

51.   Defendant Corey Butcher intentionally and/or recklessly caused extreme emotional distress to Plaintiff by having her engage in unprotected sexual intercourse, and in fact engaging in unprotected sexual intercourse and such conduct was extreme and outrageous.

## DAMAGES

52.   As a direct and proximate result of the actions and inactions of Defendants as set out above, Plaintiff has suffered serious and painful physical and emotional injury, as well as extreme pain and suffering.  By reason of the foregoing, Plaintiffs sustained general damages according to proof.

53.   As a direct and proximate result of the actions and inactions of Defendants, Plaintiff was required to and did incur reasonable and necessary medical and counseling expenses in connection with the treatment of said personal injuries.  By reason of the foregoing, Plaintiff suffered special damages according to proof.

54.   As a direct and proximate result of the actions and inactions of Defendants, Plaintiff will be required to incur in the future reasonable and necessary medical and counseling expenses in connection with the treatment of said personal injuries. By reason of the foregoing, Plaintiff has sustained additional special damages according to proof.

55.   As a direct and proximate result of the actions and inactions of Defendants, Plaintiff has suffered a loss of earnings to date and loss of future earning capacity in an amount which will be proven at the time of trial.

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1.   For general damages already incurred and future general damages, in an amount unknown, which will be proven at the time of trial;

COMPLAINT — 8

JOSEPHINE C. TOWNSEND
ATTORNEY AT LAW
211 E. 11ᵀᴴ STREET SUITE 104
VANCOUVER WA 98660
360-694-7601
FACSIMILE 360-694-7601
JOSIE@JCTOWNSEND.COM

2.     For medical and counseling expenses incurred and for future medical and counseling expenses and other costs, in an amount unknown, which will be proved at the time of trial;

3.     For loss of wages and earnings which will be proved at the time of trial;

4.     For attorney fees, costs and disbursements;

5.     For prejudgment interest;

6.     For Declaratory relief in the change of policies and procedures in how the Defendants handle domestic violence complaints against police officers;

7.     For Punitive damages according to proof;

8.     For such other relief and further relief as this court may deem just and proper in this cause.


Dated this October 14, 2021




By: _____
                                    Josephine C. Townsend
                                    Attorney At Law  WSBA 31965




COMPLAINT — 9

JOSEPHINE C. TOWNSEND
ATTORNEY AT LAW
211 E. 11TH STREET SUITE 104
VANCOUVER WA 98660
360-694-7601
FACSIMILE 360-694-7601
JOSIE@JCTOWNSEND.COM