UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIN MCPEAK,

               Plaintiff,

    v.

COREY BUTCHER, et al.,

              Defendants.

CASE NO. 3:21-CV-5821-TL

REPORT AND RECOMMENDATION

Noting Date: May 13, 2022

The District Court referred Plaintiff/Counter Defendant Erin McPeak's Motion to Dismiss Defendant Corey Butcher's Counterclaims (Dkt. 19) under Fed. R. Civ. P. 12(b)(6) to United States Magistrate Judge David W. Christel. Dkt. 26. The Court concludes Butcher has failed to state a claim upon which relief can be granted as to his counterclaims of defamation, public disclosure of private facts, publication in a false light, abuse of process, and intentional/negligent infliction of emotional distress. Therefore, the Court recommends McPeak's Motion to Dismiss (Dkt. 19) be granted-in-part and denied-in-part. The Court recommends Butcher's counterclaims be dismissed without prejudice for failure to state a claim, but Rule 11 sanctions not be issued.

REPORT AND RECOMMENDATION - 1

## I. Background

In the Complaint, McPeak alleges, in relevant part, that she was in an intimate sexual relationship with Butcher from January 2019 until October 2020. Dkt. 1-1 at ¶ 27. Prior to her relationship with Butcher, McPeak tested negative for the HSV-2 complex, a sexually transmitted disease ("STD"). *Id*. at ¶ 28. Eleven months after initiating her intimate relationship with Butcher, McPeak tested positive for HSV-2. *Id*. at ¶ 29. Butcher acknowledged he had sores, bumps and itching on his genitals and had a long history of experiencing re-occurring sores, bumps and itching on his genitals, symptoms of HSV-2. *Id*. at ¶ 30. Butcher experienced these symptoms when he had sexual intercourse with McPeak. *Id*. McPeak contends Butcher intentionally withheld this information from McPeak and recklessly and intentionally transmitted an STD to McPeak. *Id*. McPeak states she did not consent to having sexual relations with an individual infected with HSV-2. *Id.* at ¶ 31. McPeak is suing Butcher in his individual capacity and in his official capacity as a policy officer for the City of Centralia. *Id*. at ¶ 3.[1]

McPeak initiated this action on October 14, 2021 in the Lewis County Superior Court. Dkt. 1-1. Defendants removed this action from state court to this Court on November 9, 2021. Dkt. 1. On December 3, 2021, Butcher filed his First Amended Answer, Affirmative Defenses, and Counterclaims ("Counterclaims Pleading"). Dkt. 11. McPeak filed the pending Motion to Dismiss on December 30, 2021. Dkt. 19. Butcher filed his Response and, on January 23, 2022, McPeak filed a Reply. Dkt. 21, 22.

---

[1] McPeak has also named Kevin Engelbertson, a Lewis County Sheriff's Office detective, Robert Snaza, the Lewis County Sheriff, Stacy Denham, the Chief of Police for the City of Centralia, the Lewis County Sheriff's Department, and the City of Centralia as a result of their conduct related to the investigation surrounding McPeak's claims. *See* Dkt. 1-1. The claims against these Defendants are not relevant to a decision on the pending Motion to Dismiss.

## II. Standard of Review

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

"A motion to dismiss a counterclaim brought pursuant to Rule 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *Linz v. Core Values Roadside Serv., LLC*, 2020 WL 7502482, at *2 (E.D. Wash. Dec. 4, 2020), *report and recommendation adopted*, 2020 WL 7495591 (E.D. Wash. Dec. 21, 2020). Therefore, "allegations in a ... counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### III. Discussion

In the Motion to Dismiss, McPeak argues Butcher has failed to state claims for which relief can be granted and requests all Butcher's counterclaims be dismissed. Dkt. 19. McPeak also requests Rule 11 sanctions. *Id*.

#### A. *Counterclaim Allegations*

Butcher alleges the following:

McPeak and Butcher were in an intermittent sexual relationship from January 2019 through October 2020. Dkt. 11 at ¶ 3.1. McPeak and Butcher engaged in informed consensual sexual intercourse. *Id*. at ¶ 3.2. It is likely McPeak had other sexual partners during this period. *Id*. at ¶ 3.1. During the relationship, McPeak informed Butcher she tested positive for HSV-2. *Id*. at ¶ 3.4. Towards the end of the relationship, Butcher became unhappy and dissatisfied and wanted to terminate the relationship with McPeak. *Id*. at ¶ 3.5. McPeak objected and demanded the relationship continue. *Id*. at ¶ 3.6.

In October of 2020, McPeak engaged in stalking behavior; McPeak would frequently park and drive-by Butcher's residence when he was not home. *Id*. at ¶ 3.3. Butcher also ended the relationship and terminated contact with McPeak in October 2020. *Id*. at ¶ 3.7. "After the end of their relationship," McPeak reported to law enforcement and Butcher's employer that Butcher had raped, sexually abused, physically abused, battered, assaulted, falsely imprisoned, and had intentionally and negligently caused McPeak emotional distress ("the alleged conduct"). *Id*. at ¶ 3.9. However, prior to reporting Butcher's alleged conduct to his employer, McPeak attempted, through a previous attorney, to extort money from Butcher. *Id*. at ¶ 3.10.

On May 24, 2021, McPeak filed a tort claim with the City of Centralia, Butcher's employer, reporting Butcher's alleged conduct. *Id*. at ¶ 3.11. McPeak also "told the general

public" that Butcher committed the alleged conduct. *Id*. at ¶ 3.12. On June 14, 2021, details from the tort claim were published in *The Chronicle*, "a newspaper of general circulation in Lewis County, Washington," where Butcher resides. *Id*. at ¶ 3.13. The article included facts that Butcher has a sexually transmitted disease/infection. *Id*. The article also stated the Lewis County prosecutor confirmed that the sheriff's office sent the results of the investigation to the prosecutor's office and the prosecutor's office did not find probable cause to file criminal charges against Butcher. *Id*.

On October 21, 2021, McPeak initiated this lawsuit against Butcher, and several other defendants, in the Lewis County Superior Court. *Id*. at ¶ 3.16. A second article was published in *The Chronicle* on November 12, 2021. *Id*. at ¶ 3.14. The second article included facts that Butcher had committed domestic violence against McPeak. *Id*. Butcher contends that he never committed the alleged conduct prior to, during, or after the relationship. *Id*. at ¶ 3.15. Butcher also states that McPeak knew the statements were false when she made them. *Id*. ¶ 3.16.

Butcher contends McPeak is liable under theories of defamation, public disclosure of private facts, publication in a false light, abuse of process, and intentional/negligent infliction of emotional distress. Dkt. 11.

B. *Defamation*

First, Butcher alleges McPeak is liable for defamation. Dkt. 11. "[A] defamation plaintiff must show four essential elements: falsity, an unprivileged communication, fault, and damages." *Mark v. Seattle Times,* 96 Wash.2d 473, 486, 635 P.2d 1081, (1981), *cert. denied,* 457 U.S. 1124, 102 S.Ct. 2942, 73 L.Ed.2d 1339 (1982). To establish the falsity element, the plaintiff must show the challenged statement was "provably false." *Schmalenberg v. Tacoma News, Inc.,* 87 Wash.App. 579, 590–91, 943 P.2d 350 (1997).

While unclear from the Counterclaims Pleading, Butcher is alleging McPeak is liable for defamation because she made false and unprivileged statements that harmed Butcher. Dkt. 11 at ¶ 3.20. At most, Butcher alleges McPeak reported to law enforcement, who is Butcher's employer, filed a tort claim, and "told the general public" that Butcher committed the alleged conduct. *See id*. at ¶¶ 3.11-3.13. Butcher then states in a conclusory manner that McPeak "knew the statements were false[.]" *Id*. at ¶ 3.16. The Counterclaims Pleading does not allege with any specificity what statements McPeak made that were false. Butcher also failed to allege any actual injury or damage. Rather, Butcher states, in a conclusory manner only, that McPeak made false statements and he "has suffered injury and damage as a result of these defamatory statements." *Id*. at ¶ 3.20.

Butcher has provided a threadbare recital of the elements of a defamation claim, which is insufficient to state a claim. *See Snook v. Whatcom Humane Society*, 2018 WL 3752221, at *3 (W.D. Wash. Aug. 8, 2018) (finding the plaintiff did not state a claim where the "defamation cause of action [pled] only a formulaic recitation of the elements in a conclusory manner"). Accordingly, Butcher fails to state a defamation claim and the undersigned recommends the Motion to Dismiss be granted as to Butcher's counterclaim of defamation.

C.  *Public Disclosure of Private Facts*

Second, Butcher alleges McPeak publicly disclosed private facts – in that she disclosed Butcher had an STD. Dkt. 11. To establish a claim for invasion of privacy based upon public disclosure of private facts, a plaintiff must establish (1) the defendant gave publicity in a matter concerning the private life of the plaintiff; and (2) the matter publicized is a kind that (a) would be highly offensive to a reasonable person, and (b) is not a legitimate concern to the public. *White v. Township of Winthrop,* 128 Wn.App. 588, 594, 116 P.3d 1034 (2005) (quoting *Reid v.*

*Pierce County,* 136 Wn.2d 195, 205, 961 P.2d 333 (1998)). For the purposes of invasion of privacy claim, publicity means "communication to the public at large so that the matter is substantially certain to become public knowledge." ... "[C]ommunication to a single person or a small group does not qualify." *Fisher v. State ex rel. Dep't of Health,* 125 Wash.App. 869, 106 P.3d 836, 840 (2005).

Here, Butcher alleges McPeak intentionally disclosed the fact that Butcher had an STD to *The Chronicle*, Butcher's employer, and the general public. Dkt. 11 at ¶ 3.24. However, Butcher provides no factual allegations to support this claim. For example, Butcher alleges McPeak disclosed Butcher's STD to his employer. *See id*. Butcher is a police officer for the City of Centralia and, as such, when McPeak reported Butcher's alleged conduct to law enforcement, Butcher's employer was notified. *See* Dkt. 1-1. Butcher also alleges McPeak filed a tort claim with the City of Centralia. There is no indication McPeak's report of Butcher's alleged conduct to law enforcement or the filing of a tort claim resulted in a communication with more than a small group of people or that the communication was public.

Further, in the Response to the Motion to Dismiss, Butcher states McPeak intentionally disclosed private facts because two news articles were published in *The Chronicle*. Dkt. 21 at 5. However, there are no allegations that McPeak communicated with *The Chronicle*. In fact, there are no allegations regarding how *The Chronicle* obtained the information it published.

Butcher has provided only a conclusory statement, without supporting factual allegations, that McPeak communicated with the general public that Butcher had an STD. This single, conclusory statement is merely a formulaic recitation of an element of a public disclosure of private fact claim and is sufficient to state a claim upon which relief can be granted. Additionally, Butcher has failed to allege any damages.  Accordingly, Butcher has not shown

1  McPeak publicized a private matter. The Court, therefore, recommends the Motion to Dismiss be
2  granted as to Butcher's counterclaim of public disclosure of private facts.

3     D.  *Publication in a False Light*

4     Third, Butcher alleges McPeak is liable under a theory of publication in a false light. Dkt.
5  11. "A false light claim arises when 'someone publicizes a matter that places another in a false
6  light if (a) the false light would be highly offensive to a reasonable person and (b) the actor knew
7  of or recklessly disregarded the falsity of the publication and the false light in which the other
8  would be placed.'" *Corey v. Pierce County*, 154 Wash.App. 752, 761, 225 P.3d 367 (2010)
9  (quoting *Eastwood v. Cascade Broadcasting Co.*, 106 Wash.2d 466, 470–71, 722 P.2d 1295
10 (1986)). Further, "like defamation, false light claims require a showing of falsity and knowledge
11 of, or reckless disregard for that falsity." *Id.*

12     Butcher contends McPeak told the general public that Butcher committed the alleged
13 conduct. *See* Dkt. 11 at ¶¶ 3.11-3.13. At most, Butcher has provided conclusory allegations that
14 McPeak knowingly made false statements and that he did not engage in the alleged conduct. *See*
15 *id.* at 3.15, 3.16. As conclusory allegations that are merely recitations of a claim are not
16 sufficient to state a claim for relief, Butcher has failed to state a false light claim. Accordingly,
17 the undersigned recommends the Motion to Dismiss be granted as to Butcher's counterclaim of
18 publication in a false light.

19    E.  *Abuse of Process*

20    Fourth, Butcher contends McPeak is liable under a theory of abuse of process. Dkt. 11.
21 Abuse of process is the misuse or misapplication of the legal process, after the initiation of the
22 legal proceeding, for an end other than that which the process was designed to accomplish.
23 *Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now (C.L.E.A.N.),* 119
24

Wash.App. 665, 699-700 (2004). "To establish the tort of abuse of process, a claimant must prove (1) an ulterior purpose to accomplish an object not within the proper scope of the process, (2) an act not proper in the regular prosecution of proceedings, and (3) harm proximately caused by the abuse of process." *Bellevue Farm Owners Ass'n v. Stevens*, 198 Wash. App. 464, 477, 394 P.3d 1018, 1024 (2017).

The mere institution of a legal proceeding even with a malicious motive does not constitute an abuse of process. *Fite v. Lee*, 11 Wash. App. 21, 27-28 (1974). Instead, the "gist" of the action is the misuse or misapplication of the process, after it has once been issued, for an end other than that which it was designed to accomplish. *Loeffelholz*, 119 Wash. App. 699-700. "In other words, the action requires 'a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.'" *Id*. (quoting *Batten v. Abrams*, 626 P.2d 984, 989 (Wash. Ct. App. 1981)).

Here, Butcher asserts McPeak had an ulterior purpose in commencing the lawsuit against Butcher, in that McPeak wanted to force Butcher to start a romantic relationship with her and/or cause Butcher intentional emotional distress. Dkt. 11 at ¶ 3.33. To support this claim, Butcher alleges that around October 2020, Butcher's neighbors told Butcher that McPeak was driving by and parking at Butcher's residence when he was not home. *Id*. at 3.3. Sometime in October 2020, Butcher ended the relationship with McPeak and terminated contact with her. *Id*. at ¶ 3.7. Prior to reporting the alleged conduct to Butcher's employer, "McPeak attempted, through her prior attorney, to extort money from" Butcher. *Id*. at ¶ 3.10. A year after the relationship ended, in October of 2021, McPeak initiated a lawsuit against Butcher. *Id*. at ¶ 3.17. Butcher provides a conclusory statement that he has been harmed by such abuse of process. *Id*. at ¶ 3.33.

Butcher has failed to show an improper purpose for initiating legal proceedings. Even if McPeak fabricated the claims against Butcher, the initiation of a vexatious civil proceeding, although baseless, is not an abuse of process. *See Saldivar v. Momah*, 145 Wash.App. 365, 388-89 (2008). "THERE MUST BE AN AC[T] after filing suit using legal process empowered by that suit to accomplish an end not within the purview of the suit." *Id* (emphasis in original). Butcher's conclusory allegations that McPeak sought to start a romantic relationship with Butcher, sought to cause Butcher intentional emotional distress, and extorted Butcher all occurred a year prior to initiating this lawsuit. Furthermore, the allegations are conclusory and fail to link McPeak's actions with the initiation of this lawsuit. As the acts alleged in the Counterclaims Pleading occurred prior to the initiation of the lawsuit and fail to link McPeak's actions with the legal process, Butcher has not alleged facts sufficient to show an abuse of process claim. Accordingly, the Court finds Butcher has failed to state an abuse of process claim and the Court recommends the Motion to Dismiss be granted as to Butcher's counterclaim of abuse of process.

F. *Intentional/Negligent Infliction of Emotional Distress*

Last, Butcher alleges intentional and negligent infliction of emotional distress. Dkt. 11. Butcher first alleges McPeak's conduct was outrageous. Dkt. 11 at ¶ 3.35. The elements of the tort of outrage are (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) the claimant actually suffers severe emotional distress. *Kloepfel v. Bokor*, 149 Wash.2d 192, 195, 66 P.3d 630 (2003). "The law intervenes only where the distress inflicted is so severe that no reasonable person could be expected to endure it." *Saldivar*, 145 Wash. App. at 390. Butcher has not alleged he suffered from severe emotional distress. *See* Dkt. 11. Therefore, this claim fails. *See Phillips v. World Pub. Co.*, 822 F. Supp. 2d 1114, 1119–20

REPORT AND RECOMMENDATION - 10

(W.D. Wash. 2011) (finding bare and conclusory allegations that the claimant became emotionally distressed and that the distress manifested into physical symptoms was merely a formulaic recitation of the elements of the cause of action and failed to state a claim).

Butcher asserts that, in the alternative, McPeak's conduct is sufficient to show negligent infliction of emotional distress. Dkt. 11 at ¶ 3.36. The tort of negligent infliction of emotional distress encompasses three elements: (1) the emotional distress is within the scope of foreseeable harm of the negligent conduct, (2) the plaintiff reasonably reacted given the circumstances, and (3) objective symptomatology confirms the distress. *Bylsma v. Burger King Corp.*, 176 Wash.2d 555, 560, 293 P.3d 1168 (2013). A claim of negligent infliction of emotional distress requires the plaintiff to prove that he "has suffered emotional distress by objective symptomatology and the emotional distress must be susceptible to medical diagnosis and proved through medical evidence." *Kloepfel,* 149 Wash.2d at 197. As with Butcher's outrage claim, he has failed to allege any actual injury. *See* Dkt. 11. He has not alleged that he has suffered from emotional distress and has not pled facts that show objective symptomatology confirmed his distress. Therefore, Butcher's claim of negligent infliction of emotional distress fails.

For the above stated reasons, Butcher has failed to state claims of intentional or negligent infliction of emotional distress. Accordingly, the Court recommends the Motion to Dismiss be granted as to Butcher's counterclaims of intentional and negligent infliction of emotional distress.

G.  *Rule 11 Sanctions*

McPeak requests Rule 11 sanctions. Dkt. 19. The Ninth Circuit Court of Appeals has set forth the considerations for Rule 11 sanctions:

> An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions ... [not] warranted by

existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(2). When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted). As shorthand for this test, we use the word "frivolous" "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.*), 78 F.3d 431, 434 (9th Cir. 1996).

*Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005). A district court is vested with discretion on whether to enter Rule 11 sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L.Ed. 2d 359 (1990). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Moreover, under Rule 11(c)(2), a "motion for sanctions must be made separately from any other motion[.]"

Here, McPeak included the request for Rule 11 sanctions in her Motion to Dismiss. This is not proper and warrants denial. The Court also has the ability to order an attorney or party to show cause why specific conduct has not violated Rule 11(b). *See* Fed. R. Civ. P. 11(c)(3). However, while the Court finds Butcher's counterclaims failure to state a claim and are conclusory, the Court does not find the record shows, beyond McPeak's conclusory allegations, that the counterclaims were brought for an improper purpose. *See* Dkt. 19 at 8-9. Furthermore, at this time, the Court does not find the Counterclaims Pleading "frivolous." McPeak has not cited to any caselaw that is directly analogous to the facts of this case to show that Butcher's claims are legally baseless. And, while Butcher's current counterclaims fail to state a claim, it is unclear if the underlying counterclaims are factually baseless. Therefore, the Court recommends the portion of the Motion to Dismiss requesting Rule 11 sanctions be denied.

### IV. Conclusion

For the foregoing reasons, the Court recommends McPeak's Motion to Dismiss (Dkt. 19) be granted-in-part and denied-in-part. The Court recommends Butcher's counterclaims be dismissed without prejudice for failure to state a claim, but Rule 11 sanctions not be issued.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 13, 2022, as noted in the caption.

Dated this 26th day of April, 2022.

David W. Christel
United States Magistrate Judge