UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIN McPEAK,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>COREY BUTCHER, in his individual capacity and in his official capacity, et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:21-cv-05821-TL<br><br>ORDER GRANTING MOTION TO WITHDRAW, VACATING TRIAL SCHEDULE, AND REQUESTING UPDATED JOINT STATUS REPORT |

This matter comes before the Court on a motion to withdraw filed by Plaintiff Erin McPeak's attorney Josephine C. Townsend (Dkt. No. 33). Having reviewed the relevant record and governing law, and finding oral argument unnecessary (*see* LCR 7(b)(4))—and finding Ms. Townsend's behavior to be concerning, the Court GRANTS the motion.

### I.   BACKGROUND

On August 26, 2022, Plaintiff's counsel Josephine C. Townsend filed a motion to withdraw in which she represented that she had received notice from proposed new counsel that

1  her client (Plaintiff McPeak) was seeking new representation for this case. Dkt. No. 33 at 2. She
2  acknowledged "a breakdown in communications with our client." *Id*.

3  On August 29, 2022, Plaintiff McPeak filed a response to the motion objecting to the
4  withdrawal. Dkt. No. 34. She contends that Ms. Townsend did not provide advance notice,
5  caused prejudice to her as the client, and had previously "ignored or denied" her requests for
6  case status updates. *Id*. at 2–3.[1] According to Plaintiff McPeak, rather than reaching out directly
7  to her and providing prior notice, Ms. Townsend CC'ed Plaintiff's personal email on an email to
8  Defense counsel, simultaneously informing them of her withdrawal just fourteen days before
9  Plaintiff's scheduled deposition.[2] *Id*. at 2-3. Plaintiff McPeak complains that Ms. Townsend had
10 not met with her since December 2021, and Ms. Townsend's paralegal had been "in sporadic
11 contact," advising her that her case file was disorganized. *Id*. at 3. Plaintiff McPeak drove to the
12 office to help the paralegal organize the case file. *Id.* On August 25, 2022, Plaintiff reached out
13 to a different attorney "to see if [she] should be worried," and one day later, Ms. Townsend sent
14 Plaintiff a series of emails related to the withdrawal. *Id*. Plaintiff McPeak feared that she would
15 be left without representation during her upcoming deposition (*see id*. at 2), which has since been
16 postponed by this Court pending resolution of the present motion. *See* Dkt. No. 35 (construing
17 Plaintiff's request as a motion for a protective order and postponing her deposition). Plaintiff
18 requested oral argument on the withdrawal motion. Dkt. No. 34 at 1.

19 Rather than filing a reply brief, Ms. Townsend filed on the docket a declaration from her
20 paralegal, which attested that: (1) Plaintiff McPeak's "summary of the contacts with [their] office
21 and the attention to her matter described in her declaration was not accurate"; (2) their office was

---

[1] Plaintiff McPeak also objected to the motion on grounds that it was mis-noted. Dkt. No. 34 at 2. Pursuant to Local Civil Rule 7(d)(3), the Clerk of Court re-noted the motion to the correct date.

[2] Ms. Townsend also allegedly represented to defense counsel that Plaintiff was requesting her deposition be rescheduled. *Id.* at 3.

ORDER GRANTING MOTION TO WITHDRAW, VACATING TRIAL SCHEDULE, AND REQUESTING UPDATED JOINT STATUS REPORT - 2

1  contacted by third party counsel "to set up a meeting to transfer her case to new counsel"; and
2  (3) that Plaintiff had not contacted their office "in advance of that development". Dkt. No. 36 at
3  2.
4        The same day, the third-party attorney that had contacted Ms. Townsend's office filed her
5  own declaration on the docket, contesting the paralegal's representations. *See* Dkt. No. 37 at 1
6  ("To the extent statements in [the paralegal's] declaration refer to my contact with the Townsend
7  law office, they are inaccurate."). According to the attorney who filed the declaration, she did not
8  speak to either Ms. Townsend or the paralegal, and she did not state that she had agreed to
9  represent Plaintiff McPeak. *Id*. at 2. Rather, when an already-represented individual contacts her
10 office, her practice is "to contact their attorney to ask about the general nature of the contact,
11 from the current attorney's perspective." *Id*. The third-party attorney attempted to contact Ms.
12 Townsend for this reason when she "left a short message with a staff member in Ms. Townsend's
13 office, leaving [her] name and number and requesting Ms. Townsend call [her] back." *Id*. Apart
14 from that one message, the third-party attorney avers that she has not been in communication
15 with anyone at Ms. Townsend's law office. *Id*. She disavows "requesting to set up a meeting *to*
16 *transfer [Plaintiff McPeak's] case to new counsel.*" *Id*. (emphasis in original). Neither Ms.
17 Townsend nor her paralegal has filed any further explanation in response to the third-party
18 attorney's declaration.
19       On September 30, 2022, a new attorney from a different firm filed a notice of appearance
20 in this case, notifying the Court that Ms. Townsend was withdrawing "effective immediately"
21 from the case and was being substituted by the new attorney "effective immediately." Dkt. No.
22 38.
23       This matter is currently scheduled for trial beginning on August 7, 2023. Dkt. No. 27 at 1.
24 Discovery closes on March 10, 2023. *Id*. at 2.

## II. DISCUSSION

"No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court," except in certain circumstances that do not apply here. LCR 83.2(b)(1). District courts have discretion to approve or deny a motion to withdraw as counsel. *McNall v. Pac. Ret. Servs., Inc.*, 859 F. App'x 48, 49 (9th Cir. 2021) ("We review for an abuse of discretion a district court's ruling on an attorney's motion to withdraw.") (citation omitted). In civil cases in this district, withdrawal "will ordinarily be permitted" until sixty days before discovery closes. LCR 83.2(b)(1). Leave of court is required where a substitution of counsel "effects a termination of one law office and the appearance of a new law office." LCR 83.2(b)(2).

In assessing a motion to withdraw as counsel, the Court considers "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Russell v. Samec*, No. 2:20-cv-00263, 2021 WL 3130053, at *1 (W.D. Wash. July 23, 2021) (citation and quotation omitted).

As to the first factor, the Court finds Plaintiff McPeak's and the third-party attorney's allegations to be troubling and is disturbed that Ms. Townsend appears to be withdrawing without reasonable notice following months of ignoring her client. However, given that Plaintiff's deposition has already been postponed and the discovery period does not close until more than six months from now, the Court finds that there is little danger that allowing withdrawal will prejudice the litigants or the administration of justice, and it will not delay resolution of the case. Indeed, given the reported breakdown in the attorney-client relationship, Plaintiff stands to benefit from having new counsel. Therefore, the Court grants the motion to withdraw and will allow the substitution of counsel.

Further, to accommodate conflicts in the Court's trial schedule and to allow Plaintiff McPeak's new counsel to participate in setting a new trial schedule, the Court vacates the current trial schedule. The parties shall file an updated Joint Status Report that adheres to the requirements set forth in its previous Order (Dkt. No. 5) and that additionally sets a new date for Plaintiff's deposition.

### III.  CONCLUSION

For the above reasons, the Court:

(1) GRANTS Josephine C. Townsend's motion to withdraw as counsel (Dkt. No. 33);

(2) VACATES the current trial schedule; and

(3) DIRECTS the parties to file an updated joint status report that follows the requirements set forth in the Court's previous Order (Dkt. No. 5) **by no later than October 19, 2022**. The status report shall also set a new date, agreed upon by all the parties, for Plaintiff's deposition.

Dated this 5th day of October 2022.

Tana Lin
United States District Judge