UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIN McPEAK,<br><br>               Plaintiff,<br>   v.<br><br>COREY BUTCHER, in his individual capacity,<br><br>               Defendant. | CASE NO. 3:21-cv-05821-TL<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. On April 24, 2023, the Parties stipulated to the dismissal of Defendants Centralia Police Department, Chief Stacy Denham, and Corey Butcher in his official capacity. *See* Dkt. No. 58. On July 28, the Parties stipulated to the dismissal of Defendant Lewis County Sheriff's Department, as well as Defendants Kevin Engelbertson and Robert Snaza in both their official and individual capacities. *See* Dkt. No. 77. Therefore, the only Parties remaining in this matter are Plaintiff Erin McPeak and Defendant Corey Butcher in his individual capacity.

1  "Subject matter jurisdiction can never be forfeited or waived, and federal courts have a
2  continuing, independent obligation to determine whether subject matter jurisdiction exists."
3  *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013); *see also Corral v. Select*
4  *Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (examining and finding lack of
5  diversity jurisdiction *sua sponte*). If the Court determines at any time that it lacks subject matter
6  jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*,
7  546 U.S. 500, 514 (2006).

8  Defendant does not (and could not) assert diversity jurisdiction, as both Plaintiff and
9  Defendant were residents of Washington State when this matter was commenced. *See* Dkt.
10 No. 1-1 at 2; 28 U.S.C. § 1332. Instead, Defendant asserts federal question jurisdiction for
11 alleged violation of Plaintiff's constitutional rights under the First, Fourth, Eighth, and
12 Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983. *See* Dkt. No. 1
13 at 1–2; 28 U.S.C. § 1331. However, all state actors in this matter have been dismissed, leaving
14 only Defendant in his individual capacity.

15 Accordingly, the Court ORDERS:

16 (1) Defendant is ORDERED TO SHOW CAUSE by **August 14, 2023**, why this matter
17     should not be remanded to the Lewis County Superior Court for lack of subject
18     matter jurisdiction. Plaintiff may respond by **August 28, 2023**. No reply brief is
19     permitted. No brief shall exceed **ten (10) pages**.

20 (2) Given the dismissal of Defendants Lewis County Sheriff's Department, Kevin
21     Engelbertson, and Robert Snaza, their Motion for Summary Judgment (Dkt.
22     No. 50) is STRICKEN as moot.

(3)  The matter is STAYED pending resolution of this Order.

Dated this 31st day of July 2023.

                                      Tana Lin
                                      United States District Judge